IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-13-D

| | | |
|---|---|---|
| ANTONIA D. LEMON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CASSANDRA Y. LEMON, | ) | |
| | ) | |
| Defendant. | ) | |

On January 21, 2020, Antonia D. Lemon, Sr. ("Lemon" or "plaintiff"), appearing pro se,

applied to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 1]. On January 25, 2020, the

court referred the motion to Magistrate Judge Jones for frivolity review [D.E. 4]. On February 14,

2020, Judge Jones a issued a comprehensive Memorandum and Recommendation ("M&R") and

recommended this court deny Lemon's application to proceed in forma pauperis and dismiss

Lemon's complaint for failure to state a claim [D.E. 6].

On February 26, 2020, Lemon paid the filing fee and filed his complaint [D.E. 7] and filed

a notice of direct appeal to the United States Supreme Court [D.E. 8]. On February 28, 2020, Lemon

filed a notice of self representation [D.E. 8] and a response to the M&R [D.E. 9]. On March 2, 2020,

Lemon filed an affidavit supporting notice of political status change [D.E. 11] and an affidavit

supporting evidence of text message [D.E. 12]. On March 5, 2020, Lemon filed a motion for federal

injunction relief against state civil proceedings [D.E. 13].

Lemon's response to the M&R [D.E. 9] asserts that "All persons who have been baptized,

laymen as well as clerics, are amenable to the coercive power of the Church . . . . See [D.E. 9] 1.

Lemon's response continues with a 43-page discussion of Masons, separation of church and state, slavery, The Lieber Code, definitions, and affidavits. See [D.E. 9] 42–43; [D.E. 9-1] 1–10.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R, the record, and Lemon's objections to the M&R. Lemon's objections to the M&R are general objections and do not warrant de novo review. See, e.g., Wells, 109 F.3d at 200. Moreover, the court is satisfied that there is no clear error on the face of the record. See id. Thus, the court overrules plaintiff's objections [D.E. 9], adopts the conclusion in the M&R that the complaint is frivolous, and dismisses the complaint as frivolous.

In sum, the court DISMISSES as moot plaintiff's application to proceed in forma pauperis [D.E. 1], ADOPTS the conclusion in the M&R that plaintiff's complaint is frivolous, DISMISSES plaintiff's complaint [D.E. 7] as frivolous, and DENIES plaintiff's motion for an injunction against state civil proceeding [D.E. 13]. The clerk shall close the case.

SO ORDERED. This 19 day of March 2020.

_____
JAMES C. DEVER III
United States District Judge